UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOSHUA MERRITT ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:15-cv-00416-JMS-WGH |
| | ) | |
| KNOX CO. INDIANA DISTRICT ATTY'S | ) | |
| OFFICE and INDIANA COURT OF | ) | |
| APPEALS. | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Complaint and Dismissing Action**

**I.**

Joshua Merritt Robinson, an inmate at the Knox County Jail in Vincennes, Indiana, filed

this civil action against the Knox County District Attorney's Office and the Indiana Court of

Appeals. His claim for money damages are necessarily brought pursuant to 42 U.S.C. § 1983. In

his one page complaint purportedly bought as a class action he provides the following information:

REASON:
Misconduct, False Imprisonment, Failure to
Verification from a Licensed Physieictric Physician
of Competancy (in more than 1 case included
in the Class)

FOR:
Financial Compensation in an amount
acceptable to the petitioners or decided
upon by a 12 panel jury.

## II.

### A.

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. ' 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In other words, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by the plaintiff, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### B.

Even giving the complaint liberal construction, the Court cannot discern within it any plausible federal claim upon which monetary relief may be granted because the defendants are both immune from such relief.

First, the Indiana Court of Appeals is not a suable entity under Indiana law and it is immune from suit in federal court under the Eleventh Amendment. See IND. CODE § 36–1–2–10; *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011). Accordingly, the Indiana Court of

Appeals is **dismissed**. In addition, the judges of that court would also be entitled to immunity for their actions taken in the state case, even if the plaintiff believed they acted improperly. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (judicial immunity).

Second, the Knox County District Attorney's Office is **dismissed**. The office of prosecutor is a creation of the Indiana Constitution, *see* Ind. Const. art. 7, § 16, and state statutes govern the prosecutor's duties and powers. *Key v. Indiana Univ. Health Bloomington Hosp.*, No. 1:14-CV-1007-JMS-TAB, 2015 WL 1268172, at *6 (S.D. Ind. Mar. 19, 2015). Thus, the district attorney's office is not a "person" subject to suit under § 1983, and it is also immune from suit in federal court under the Eleventh Amendment. *See also See Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003); *Billman v. Indiana Dept. of Corrections,* 56 F.3d 785, 788 (7th Cir. 1995). In addition, the United States Supreme Court, in *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under § 1983 "in initiating a prosecution and in presenting the State's case." *Id.* at 427.

### C.

No viable defendant has been named in the complaint and no amendments to the complaint could correct the deficiencies noted above. It is for this reason that the complaint is **dismissed** pursuant to 28 U.S.C. § 1915A. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   December 22, 2105

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JOSHUA MERRITT ROBINSON
KNOX COUNTY JAIL
2375 S. Old Decker Rd.
Vincennes, IN 47591